## Miller *v*. Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Dangerous place to work—Tunnel—Engineer—Train dispatcher—Fellow servant.*

1. In an action by a section hand of a railroad company against his employer, a verdict and judgment for the plaintiff will be sustained where the evidence shows that the plaintiff was injured while working in a tunnel, as the result of two trains being operated in the tunnel at the same time, and that plaintiff had been informed before he entered the tunnel that an order for single trains through the tunnel was in force, and that only one train at a time was permitted to pass through it. In such a case the defendant cannot set up as a defense the negligence of the engineer of the train which struck the plaintiff, in disobeying the order, where there is no evidence to show that the order, although produced in evidence, had ever been received by the train dispatcher to whom it was addressed, or communicated by the dispatcher to the engineer.

2. Where an order is in force for several months forbidding more than one train to be operated at the same time in a double-track tunnel, an employee of the railroad company whose work is in the

tunnel is entitled to notice of a change in the order which would permit trains to be operated on the two tracks in the tunnel at the same time.

3. If the employer make a change in the method of work thereby increasing the danger of the servant, it is the duty of the employer to advise the servant of the new risk to be run, unless it is so obvious that the latter in the exercise of ordinary care may see it.

Argued Oct. 19, 1909. Appeal, No. 203, Oct. T., 1909, by defendant, from judgment of C. P. Wyoming Co., June T., 1909, No. 50, on verdict for plaintiff in case of Arch. B. Miller v. Lehigh Valley Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frank W. Wheaton*, with him *James Wilson Piatt*, for appellant.—The negligence was the negligence of the engineer of the work train: Benignia v. Penna. R. R. Co., 197 Pa. 384; Coyle v. Rapid Transit Co., 17 Pa. Dist. Rep. 180.

*Ernest K. Little*, for appellee.—The defendant is bound by the representations of its foreman to the men under him, concerning such matters as would affect their safety: Maines v. Harbison-Walker Co., 213 Pa. 145; Carlin v. William Butler Co., 220 Pa. 194; Burns v. Vesta Coal Co., 223 Pa. 473; Johnson v. Bruner, 61 Pa. 58; Doyle v. Pittsburg Waste Co., 204 Pa. 618; Reese v. Clark, 198 Pa. 312; Houston v. Stamping Co., 38 Pa. Superior Ct. 93; Valentine v. Colburn Co., 10 Pa. Superior Ct. 453; Northern Pac. Ry. Co. v. Amato, 144 U. S. 465 (12 Sup. Ct. Repr. 740); Bradley v. N. Y. Cent. R. R. Co., 62 N. Y. 99.

OPINION BY HENDERSON, J., March 3, 1910:

The single specification of error complains of the action of the court in refusing the defendant's request for judgment non

obstante veredicto. The defendant's contention in support of this motion was that the plaintiff's injury resulted from the negligence of a fellow servant and that there was consequently no liability of the defendant. This brings up a consideration of the testimony offered in the case and we have given it a careful examination. We are unable to find therein evidence of any facts which would have justified the court in declaring the legal result asked for. The plaintiff was employed as a section hand on the defendant's road under the section foreman who had authority to employ and discharge hands and to direct the place of their employment and the character of their work. On the day of the accident six or seven men were working by direction of the foreman in what is known as the Vosburg Tunnel. They were fastening steel plates on the rails of the double track in the tunnel. The plaintiff's claim as set forth in the declaration and as shown by his testimony was that he was informed by the section foreman that an order was in effect on the road forbidding the passage of two trains through the tunnel at the same time; that when he and his fellow workmen were called upon to enter the tunnel on the morning of the day when he was hurt he asked the foreman whether the order for single trains through the tunnel was still in force and was assured by the foreman that that was the case and that only one train at a time was permitted to pass through. With this information the men proceeded into the tunnel and were engaged at their work when a freight train passed over track No. 1, going west. While that train was in the tunnel a work train moving in the opposite direction ran into the tunnel and injured the plaintiff and two other workmen. The smoke and noise produced by the freight train prevented the workmen from seeing or hearing the work train, and the plaintiff was caught while drilling a hole in one of the rails. By way of defense the defendant offered in evidence a telegram as follows:

"TOWANDA, 7–13–07.
    "To W. M. K. & J. P. at Sayre:
    "Commencing next Monday morning, July 15th at seven

A. M. you will allow one train at a time to pass through the Vosburg tunnel; that is, when train is going through on track No. 1 no train must go through on track No. 2, and the same must be done when train is going through on track No. 2, no train must go through on track No. 1 except when work train is in tunnel train may pass through on opposite track. Work train will keep out of tunnel while first class trains are going through, acct. cleaning tunnel.

                                        "W. H. K."

This for the purpose of showing that from the date of the telegram an order was in force forbidding the passage of trains in the manner adopted at the time of the accident, and the argument is that as the work train entered the tunnel while the freight train was passing through the engineer was guilty of a violation of the order referred to and that he alone was responsible for the injury. It does not appear in the evidence who W. H. K. is, nor who W. M. K. and J. P. are, but it was said at the argument that the former is the superintendent of the road and that the persons to whom the telegram was addressed are train dispatchers. Assuming this to be the case, the theory of the defense made it necessary to go further and show not only that the telegram was received by the persons to whom it was dispatched, but that it was enforced by them in operating the road, and particularly that the engineer who is alleged to have been delinquent received the proper order. But these facts were not established by the evidence. Neither the superintendent, the dispatcher nor the engineer was called, and we do not find any evidence at all tending to show that the engineer operating the train which struck the plaintiff had any notice on that day or at any former time that two trains were not allowed to pass through the tunnel at the same time. The proof of the telegram was by the section foreman who produced a copy which he said he had received and which he had read to the men working for him at the time he received it, one of whom he believed to be the plaintiff. But this did not in any way connect the engineer with the order. For anything that appears in the case he may have

been acting under the direct instructions of a dispatcher at the time of the accident. But if it be assumed that the "single train order" was given to the engineer in question the defendant's case still lacks the important fact that he was advised by the dispatcher or otherwise of the approach of the freight train in the opposite direction. Unless he knew that this train was about to meet his in the tunnel it could not be said that he was negligent in proceeding as he did, for with the freight train out of the way he was not violating any order. Moreover, on the case as presented by the plaintiff it was the duty of the defendant to protect him from the danger to which he was subjected. If he undertook the work in a position where his peril would be greatly increased by the passage of two trains at the same time on the representation and assurance of the foreman that only one train would be admitted to the tunnel at a time and the defendant failed to afford the protection which this arrangement would give and in consequence of such failure the plaintiff was hurt, the defendant failed to meet the obligation which the act of its agent created. The evidence tends to show that for several months the single train plan was in effect. If the employer make a change in the method of work thereby increasing the danger of the servant it is the duty of the employer to advise the servant of the new risk to be run unless it is so obvious that the latter in the exercise of ordinary care may see it: 4 Thompson on Neg., sec. 4,066; Burns v. Vesta Coal Co., 223 Pa. 473. The charge of the court was full and clear and the evidence supports the submission of the case to the jury.

The judgment is affirmed.